1

2

3

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    ALDINI AG,                                Case No. 21-cv-06423-JST

              Plaintiff,
8
                                               **ORDER DENYING MOTION FOR**
9         v.                                   **SANCTIONS**

10   SILVACO, INC., et al.,                    Re: ECF No. 183

              Defendants.
11

12

13        Before the Court is a motion for sanctions filed by Defendants the Republic of France,

14   Ministère des Armées, Direction Générale de l'Armement DGA and Stéphane Kammerer

15   (collectively "Sovereign Defendants").  ECF No. 183.  The Court will deny the motion.

16   **I.    BACKGROUND**

17        This case concerns the French bankruptcy court proceedings of Dolphin Integration, a

18   French semiconductor company.  Plaintiff Aldini AG generally alleges a fraudulent conspiracy by

19   nearly two dozen Defendants to strip Dolphin of certain assets through manipulation of the

20   bankruptcy court.  The Court assumes the parties' familiarity with the facts of this case, described

21   in detail at ECF No. 182.

22        The Court dismissed claims against all Defendants in May 2023.  ECF Nos. 182, 194.

23   Sovereign Defendants now request that the Court impose sanctions against Aldini and its counsel

24   for filing the complaint and first amended complaint.  ECF No. 183.

25   **II.   DISCUSSION**

26        "Three primary sources of authority enable courts to sanction parties or their lawyers for

27   improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed

28   with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and

United States District Court
Northern District of California

1   vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239

2   F.3d 989, 991 (9th Cir. 2001).  Defendants argue that sanctions are warranted under all three

3   sources of authority.

4          **A.**     **State of Mind**

5          To impose sanctions under either Section 1927 or the Court's inherent power, the Court

6   must find that Aldini acted with the requisite state of mind.  Section 1927 provides that "[a]ny

7   attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be

8   required by the court to satisfy personally the excess costs, expense, and attorneys' fees reasonably

9   incurred because of such conduct."  To receive fees under Section 1927, the moving party must

10  "prove[] that the opposing party acted with 'subjective bad faith.'"  *Kohler v. Flava Enters., Inc.*,

11  779 F.3d 1016, 1020 (9th Cir. 2015).  Similarly, "[w]hen acting under its inherent authority to

12  impose a sanction . . . , a district court must find either . . . willful disobedience of a court order or

13  [that] a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Am. Unites*

14  *for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021).

15         The Court is not persuaded that Aldini acted with the state of mind necessary under either

16  Section 1927 or the Court's inherent authority.  Sovereign Defendants argue that Aldini's repeated

17  attempts to relitigate its allegations of fraud—which were rejected by multiple French courts

18  before Aldini filed this action—constitute harassment sufficient to support a finding of bad faith.

19  A party's history of repeatedly filing suits arising out of the same original circumstances may

20  constitute evidence of harassment sufficient to impose sanctions.  *DNA Sports Performance Lab,*

21  *Inc. v. Major League Baseball*, No. C 20-00546 WHA, 2020 WL 6290374, at *7 (N.D. Cal. Oct.

22  27, 2020), *aff'd*, 2022 WL 4482455 (9th Cir. 2022).  But Sovereign Defendants cite no authority

23  to suggest that a party's first attempt to litigate an issue in the United States—following litigation

24  in foreign courts, whose judgments are not guaranteed to be recognized and/or granted preclusive

25  effect by United States courts—can constitute harassment, and this Court is not aware of any.  In

26  the absence of such authority, the Court is not persuaded that filing this action can constitute

27  harassment sufficient to support sanctions.

28         Sovereign Defendants also suggest the Court may find bad faith for purposes of Section

United States District Court
Northern District of California

2

1   1927 based on Aldini's filing of "an amended complaint that did not meaningfully address the

2   deficiencies that Moving Defendants had identified." ECF No. 183 at 15. Aldini filed its initial

3   complaint in August 2021. ECF No. 1. Multiple Defendants—including Sovereign Defendants—

4   filed motions to dismiss this initial complaint. ECF Nos. 48, 85, 87, 88, 108, 109. Before the

5   Court ruled on any of these motions to dismiss, Aldini filed an amended complaint. ECF No. 119.

6   Sovereign Defendants suggest that several aspects of this amended complaint unreasonably

7   multiplied the proceedings against them: Aldini continued to pursue claims against Kammerer,

8   despite Sovereign Defendants' arguments regarding lack of personal jurisdiction and immunity;

9   and Aldini continued to allege that this Court could exercise jurisdiction over Sovereign

10  Defendants under certain exceptions of the Foreign Sovereign Immunities Act ("FSIA"), despite

11  their arguments to the contrary. ECF No. 183 at 15. Though this Court ultimately ruled in

12  Sovereign Defendants' favor on these issues, ECF No. 182, the Court had not done so at the time

13  Aldini filed its amended complaint, and no binding case law precluded Aldini's arguments. The

14  Court is not persuaded that Aldini's continued pursuit of these arguments in the face of Sovereign

15  Defendants' motion to dismiss unreasonably and vexatiously multiplied the proceedings in a

16  manner that supports the imposition of sanctions under Section 1927.

17      The Court declines to impose sanctions under either Section 1927 or the Court's own

18  inherent authority.

19      **B.      Rule 11**

20      Sovereign Defendants argue that both the initial and amended complaints are sanctionable

21  under Rule 11 because they are frivolous and were brought for an improper purpose.

22      Federal Rule of Civil Procedure 11 "provides for the imposition of sanctions when a filing

23  is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper

24  purpose." *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). "Rule 11 is

25  an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension*

26  *Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). "When Rule 11 sanctions are party-

27  initiated, the burden is on the moving party to demonstrate why sanctions are justified." *In re Cal.*

28  *Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1052 (N.D. Cal. 2021) (quoting *Benedict v.*

United States District Court
Northern District of California

1    *Hewlett-Packard Co.*, No. 13-cv-00119-LHK, 2014 WL 234207, at \*5 (N.D. Cal. Jan. 21, 2014)).

2    "When, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must

3    conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless

4    from an objective perspective, and (2) if the attorney has conducted a reasonable and competent

5    inquiry before signing and filing it.'" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005)

6    (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). "As shorthand for this

7    test, [courts] use the word 'frivolous' 'to denote a filing that is *both* baseless *and* made without a

8    reasonable and competent inquiry.'" *Id.* (emphasis in original) (quoting *In re Keenan Mgmt. Co.,*

9    *Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)).

10      Sovereign Defendants argue that both complaints are legally baseless because the claims

11    against them are barred by preclusion and lack of jurisdiction. In its order dismissing the amended

12    complaint, the Court held that the French courts' judgments should be recognized and granted

13    preclusive effect. ECF No. 156. But no court had so held prior to Aldini's filing of its initial or

14    amended complaint. Similarly, Aldini's allegations regarding the conspiracy theory of jurisdiction

15    and the application of certain FSIA exceptions did not conflict with binding case law, so the Court

16    is not persuaded they were legally baseless. *See In re Cal. Bail Bond*, 511 F. Supp. 3d at 1053

17    ("Where there is '*some* plausible basis, [even] quite a weak one,' a claim is not baseless.")

18    (emphasis in original) (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117

19    (9th Cir. 2001)); Fed. R. Civ. P. 11(b)(2) (claims must be "warranted by existing law or by a

20    nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new

21    law").

22      Sovereign Defendants additionally argue that both complaints are factually baseless

23    because they include assertions made on information and belief and multiple French courts had

24    ruled against Aldini before this action was initiated. That a complaint includes allegations made

25    on information and belief is not sufficient to render it factually baseless. *See Soo Park v.*

26    *Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (plaintiffs may properly "plead[] facts alleged upon

27    information and belief where the facts are peculiarly within the possession and control of the

28    defendant or where the belief is based on factual information that makes the inference of

4

1   culpability plausible") (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

2   And, while French courts' rejection of Aldini's fraud claims should have encouraged—and, as

3   discussed below, did encourage—further factual investigation of these claims, the Court is not

4   persuaded that such rejection renders the claims factually baseless.

5      Finally, Sovereign Defendants argue that Aldini's counsel failed to conduct a reasonable

6   and competent inquiry into the facts and law, which would have revealed that the complaints were

7   factually and legally baseless.  In 2019—two years before initiating this action—Aldini's counsel

8   began investigating the sale of Dolphin Integration and reviewing the relevant legal judgments.

9   ECF No. 184-2 ¶¶ 6–11, 14-15.  In 2020, Aldini's counsel retained an outside investigative firm to

10  conduct further factual investigation.  *Id.* ¶ 12; ECF No. 184-3 ¶ 7.  That investigative firm

11  produced five intelligence reports for Aldini's counsel over two years.  ECF No. 184-3 ¶¶ 8–13.

12  Both challenged complaints were drafted using the finding from these investigations.  Though the

13  Court ultimately dismissed Aldini's claims against Sovereign Defendants, the Court is not

14  persuaded that counsel's pre-filing investigation was unreasonable or incompetent.

15     Ultimately, the Court is not persuaded that either complaint is frivolous.  Because neither

16  complaint is frivolous, the Court need not consider whether either was filed for an improper

17  purpose.  *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987) ("Where a *complaint* is in

18  question, the 'improper purpose' analysis is not necessary because a non-frivolous complaint

19  cannot be said to be filed for an improper purpose.") (emphasis in original) (quoting *Golden Eagle*

20  *Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986)).  The Court therefore

21  declines to impose sanctions under Rule 11.

22                    **CONCLUSION**

23     Sovereign Defendants' motion for sanctions is denied.

24     **IT IS SO ORDERED.**

25  Dated:  November 6, 2023

26  _____

27              JON S. TIGAR
           United States District Judge

28

*United States District Court*
*Northern District of California*